In the
# United States District Court
### For the
### Western District of Wisconsin

Tahnee Poydras,

     Plaintiff,

     v.                       Case No. 26-cv-723

The City of Baraboo, Wisconsin,
and, in their individual capacities,
Mark Wichner, Ian Carroll and
Bradley Brunken,

     Defendants.

# COMPLAINT

## I.    NATURE OF ACTION

101.    This is a civil rights action under the 42 U.S.C. Sec. 1983 and the First and Fourth Amendments to the United States Constitution that seeks relief for the unreasonable conduct of the individual Defendants in connection with the arrest of the Plaintiff by the individual Defendants.

1

## II.   JURISDICTION AND VENUE

201.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202.   The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III.   PARTIES

### A.   Plaintiff

301.   The Plaintiff, Tahnee Poydras, is a natural person and an adult with the capacity to sue in this Court.

### B.   Defendants

301.   Defendant City of Baraboo, Wisconsin, is a Wisconsin city with the capacity to sue and be sued in this Court.  Defendant City of Baraboo is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment within the meaning of Sec. 895.46, Wis. Stats.  The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of City of Baraboo.

301.   The Defendant, Mark Wichner, was, at all times material hereto, a police officer for the city of Baraboo, Wisconsin. At all times relevant to this lawsuit, Defendant Wichner was acting under color of law within the meaning of 42 U.S.C. §

2

1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

302.    The Defendant, Bradley Brunken was, at all times material hereto, a police officer for the City of Baraboo, Wisconsin. At all times relevant to this lawsuit, Defendant Brunken was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

303.    The Defendant, Ian Carroll was, at all times material hereto, a police officer for the City of Baraboo, Wisconsin. At all times relevant to this lawsuit, Defendant Carroll was acting under color of law within the meaning of 42 U.S.C. § 1983, and within the scope of his employment as that term is used in § 895.46, Wis. Stats.

## IV.    ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401.    On April 7, 2024, a law enforcement dispatcher communicating with on-duty Baraboo Police Officers reported that at the Campbell Park outdoor pool area, in the City of Baraboo, several subjects had jumped the fence and entered the enclosed pool area.

402.    The individual Defendants went to the area of the Campbell Park outdoor pool, where they detained several persona including the Plaintiff who were suspected to have been improperly using the pool during a time when it was closed to the public.

403.    When she was initially detained, the Plaintiff, who was at that moment wearing only a flimsy brassiere and underpants, was holding her dress in her hands.

404.    The individual Defendants arrested the Plaintiff instead of releasing her with a warning, as they did the others they had detained, because the Plaintiff exercised her First Amendment right to free speech and told the officers that she had not been in the pool but had, rather, been taking a shower.

405.    As Sgt. Wichner and Officer Brunken initiated the Plaintiff's arrest, she was in the process of putting her arms into her dress.

406.    Rather than allowing her to finish covering herself, the officers actively removed the dress from her arms.

407.    The Plaintiff requested to be allowed put on her dress at least six separate times during the walk to the patrol car.

408.    Sgt. Wichner denied these requests, stating at one point, "We can put it on when we're over here," while pointing toward the squad car, effectively forcing her to walk across a public parking lot in a state of exposure.

409.    The Plaintiff was kept in a state of substantial undress for punitive reasons for a far longer time that could have been justified by any legitimate law enforcement considerations.

## V.      BASIS OF LIABILITY

### A.      Fourth Amendment

#### 1.      Individual Defendants

501.    The acts of the individual Defendants in refusing to permit the Plaintiff to don her dress violated the Plaintiff's right to be free from unreasonable seizures secured to her by the Fourth Amendment to the United States Constitution.

502.    The individual Defendants failure to intervene in their fellow officers' refusal to permit the Plaintiff to put on her dress violated the Plaintiff's right to be free from unreasonable seizures secured to her by the Fourth Amendment to the United States Constitution.

### B.      First Amendment

#### 1.      Individual Defendants

503.    The acts of the individual Defendants in arresting the Plaintiff because she had exercised her right of free speech violated rights secured to her by the First Amendment to the United States Constitution.

504.    The individual Defendants failure to intervene in their fellow officers' arrest of the Plaintiff violated rights secured to her by the First Amendment to the United States Constitution.

**C.** **Statutory Indemnification Pursuant to Sec. 895.46, Wis. Stats.**

1. City of Baraboo

505. The Defendant City of Baraboo, Wisconsin, is liable for the unlawful acts of the individual Defendants because they were acting within the scope of their employment within the meaning of Sec. 895.46, Wis. Stats. The Plaintiff does not allege that the wrongful acts alleged herein were carried out pursuant to a custom or policy of the City of Baraboo.

## VI. DAMAGES.

**A.** **Compensatory Damages.**

601. By virtue of the unlawful actions of the Defendants alleged above, the Plaintiff suffered injury, for which she seeks an award of compensatory damages in an amount deemed just by the Court.

**D.** **Punitive Damages**

602. Because the acts of the individual Defendants herein alleged were carried out with reckless disregard for the Plaintiff's fundamental rights, the Plaintiff also seeks an award of punitive damages against each of the individual Defendants to deter them and others similarly situated from committing similar wrongful acts in the future.

## VII.   CONDITIONS PRECEDENT

701.   All conditions precedent to this action within the meaning of Rule 9(c),

Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court to grant a judgment against the

Defendants awarding her damages, costs, attorney's fees and such other and further

relief as the Court deems just.

Dated this Thursday, August 6, 2026.

Respectfully submitted,

Tahnee Poydras,

Plaintiff,

By

LAW OFFICE OF PAUL POLACEK, S.C.
PAUL D. POLACEK
State Bar Number1037606
P.O. Box 328
Baraboo, WI 53965
Phone:          608 721-1359
Email:          paul@polaceklaw.com

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI  53597-2502
Phone:          608 283-6001

7

Fax:            608 283 0945
Email:          jsolson@scofflaw.com


/s/    Jeff Scott Olson

_____

Jeff Scott Olson

ATTORNEYS FOR PLAINTIFF